IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. SAIN,

    Plaintiff,

vs.

BOARD OF PRISON TERMS, et al.,

    Defendants.

No. CIV S-05-2629 LKK JFM P

ORDER AND

FINDINGS & RECOMMENDATIONS

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's in forma pauperis application is incomplete in that the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). For this reason, plaintiff's application to proceed in forma pauperis will be denied without prejudice.

/////

1    The court is required to screen complaints brought by prisoners seeking relief
2 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
3 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
5 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
6 U.S.C. § 1915A(b)(1),(2).

7    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
9 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
11 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14    A complaint, or portion thereof, should only be dismissed for failure to state a
15 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
16 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
17 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
18 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
19 complaint under this standard, the court must accept as true the allegations of the complaint in
20 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
21 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
22 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23    Plaintiff challenges the sufficiency of the evidence used to support a November 3,
24 2005 decision to revoke his parole. Plaintiff seeks money damages.

25    In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held
26 that a suit for damages on a civil rights claim concerning an allegedly unconstitutional

conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

This court finds that plaintiff's action implicates the validity of plaintiff's confinement pursuant to the November 2005 parole revocation, and that plaintiff has not shown that the revocation and the confinement thereon has been invalidated.  For that reason, this § 1983 action should be dismissed without prejudice.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

The United States Court of Appeals for the Ninth Circuit has authorized courts to construe actions challenging the fact or duration of a prisoner's confinement as habeas corpus actions in appropriate circumstances.  See Tucker v. Carlson, 925 F. 2d 330 (9th Cir. 1991).  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the complaint filed in this action, the court finds that plaintiff has not exhausted state court remedies.  Plaintiff's parole was revoked on November 3, 2005 and this

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

3

1 action was filed one month later, in early December 2005.  There is no indication that plaintiff's
2 claims have been presented to the California Supreme Court, nor does it appear that state court
3 remedies are unavailable to petitioner.  For these reasons, it would be inappropriate to construe
4 the instant action as one for federal habeas corpus relief.

5        For all of the foregoing reasons, this action should be dismissed without
6 prejudice.[2]

7        In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
8 December 28, 2005 application to proceed in forma pauperis is denied without prejudice; and

9        IT IS HEREBY RECOMMENDED that this action be dismissed without
10 prejudice.

11        These findings and recommendations will be submitted to the United States
12 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
13 twenty days after being served with these findings and recommendations, plaintiff may file
14 written objections with the court.  The document should be captioned "Objections to Findings
15 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
16 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
17 (9th Cir. 1991).
18 DATED: February 6, 2006.

20 UNITED STATES MAGISTRATE JUDGE

22 12;sain2629.56

---

[2] Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

4